IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AARON MICHAEL SHEETS                                                                    PLAINTIFF

v.                               Civil No. 5:24-cv-05053-PKH-MEF

CORPORAL TOM MULVANEY,
Washington County Detention Center;
CORPORAL CORBIN BREWER, WCDC;
SERGEANT JOSEPH MALONE, WCDC;
and LIEUTENANT BRIAN ATCHLEY,
WCDC                                                                                    DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Aaron M. Sheets ("Sheets"), under 42 U.S.C. § 1983. Sheets proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.   BACKGROUND

Sheets is a federal detainee awaiting sentencing and is being held at the Washington County Detention Center ("WCDC") located in Fayetteville, Arkansas. (ECF No. 5 at 2). According to the allegations of the Amended Complaint, Sheets' vehicle was stolen in Bentonville, Benton County, Arkansas. *Id.* at 4. Sheets maintains the Defendants have each denied him the right to

report his vehicle as stolen. *Id.* Specifically, Sheets says Defendant Mulvaney told him to write a detailed letter to the Bentonville Police Department ("BPD") and then have a family member follow-up. *Id.* Defendant Mulvaney further stated that since the theft happened in Bentonville, "it no longer pertained to his agency." *Id.* at 5. Due to Defendant Mulvaney's actions, Sheets states he is being sued by the bank for $21,197.31—presumably the amount he owes on the vehicle. *Id.*

Sheets indicates Defendant Brewer advised him the WCDC could not help him, and he needed to have someone else file the police report. (ECF No. 5 at 5). Sheets says his vehicle was fully insured at the time of the theft. *Id.* at 6. With respect to Defendant Malone, Sheets alleges he was of higher rank and could have intervened to correct the problem. *Id.* Defendant Atchley is alleged to have asked Sheets about the problem but then did nothing to assist Sheets in getting a timely police report filed. *Id.*

As relief, Sheets seeks compensatory and punitive damages. (ECF No. 5 at 7). He asks that the Defendants be required to pay the $21,197.31 to the bank for the vehicle and an additional $2 million in compensatory damages for the mental stress and frustration he has suffered because of not being allowed to report his vehicle as stolen as well as the detrimental effect on his credit history. *Id.* Sheets also requests an award of $2 million in punitive damages. *Id.*

## II.     APPLICABLE STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or

it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   DISCUSSION

"The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020) (citation and internal quotation marks omitted). Here, the Court's focus is on the second element: Sheets alleged constitutional deprivation.

Sheets maintains he has a constitutional right to have the Defendants assist him in reporting a crime. Sheets, however, does not allege that Defendants in any way prohibited him from writing to or otherwise communicating with the BPD. In fact, Defendant Mulvaney suggested Sheets write to the BPD explaining in detail what happened.

3

Because there is no constitutional right to have law enforcement officials investigate a reported crime, the Court cannot find there is a constitutional right to have law enforcement officials in one county assist Sheets in reporting a crime in another county. *See e.g., Sheets v. Mullins*, 287 F.3d 581 (6th Cir. 2002); *Rodriquez v. Vega*, No. 5:14-cv-05161, 2015 WL 4241042, *2 (W.D. Ark. July 13, 2015). Sheets was told to contact the appropriate law enforcement officials and was not prevented from doing so. Moreover, the Due Process Clause of the Fourteenth Amendment does not impose an affirmative duty on the state to protect its citizens from illegal actions taken by private parties. *DeShaney v. Winnebago Cty. Dep't. of Soc. Servs.*, 489 U.S. 189, 195 (1989). Finally, victims of crime lack any legal right to compel prosecution or to institute criminal prosecution. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *Frison v. Zebro*, 339 F.3d 994, 998-1000 (8th Cir. 2003) (rejecting a § 1983 claim based on the violation of a criminal statute).

### IV.     CONCLUSION

For this reason, it is recommended that**:**

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**Status of Referral:   The referral terminates upon the filing of this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

RECOMMENDED this 18th day of March 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE